IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRENT GARRISON | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 22-cv-203 |
| RV RETAILER, LLC and RV RETAILER TEXAS, LLC | § § § | |
| *Defendants.* | § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Brent Garrison ("Garrison" or "Plaintiff"), and complains of RV Retailer, LLC and RV Retailer Texas, LLC (collectively, "RV Retailer" or "Defendant"), and for his cause of action would respectfully show the Court as follows:

### I. SUMMARY

1. This is a disability discrimination and retaliation case, brought under the Americans with Disabilities Act, as amended, and Chapter 21 of the Texas Labor Code.

2. RV Retailer failed to maintain a workplace free of unlawful discrimination and retaliation. Instead, RV Retailer, primarily via its manager Justin Massey, discriminated against Garrison based on his disability, or perceived disability, by first taking away his ability to earn commissions as a sales employee. Massey then retaliated against him after Garrison reported his actions to human resources – which did not do anything to protect Garrison. Finally, just two weeks after Garrison reported the ongoing discrimination and retaliation to the Equal Employment Opportunity Commission and the Texas Workforce Commission, RV Retailer retaliated by firing him.

1

## II. PARTIES

3. Plaintiff Brent Garrison is an individual residing in Texas.

4. Defendant RV Retailer, LLC is a limited liability company with a principal place of business in Alvin, Texas, which is in Brazoria County.  RV Retailer, LLC may be served with process by serving its registered agent, John Rizzo, One Financial Plaza, 100 SE Third Ave., Suite 1850, Fort Lauderdale, FL 33394, or wherever else he may be found.

5. Defendant RV Retailer Texas, LLC is a limited liability company with a principal place of business in Alvin, Texas, which is in Brazoria County.  RV Retailer, LLC may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. Upon information and belief, the two defendants (collectively, "RV Retailer" or "Defendant") are interconnected and act in conjunction with each other with respect to its operations and employment decisions impacting Garrison.  The d/b/a of RV Retailer is ExploreUSA RV.

## III. NATURE OF ACTION

7. This is an employment discrimination and retaliation case filed under the Americans with Disabilities Act, as amended, and the Texas Labor Code to recover damages owed by RV Retailer to Garrison.  *See* 42 U.S.C. § 12101, *et. seq.*; TEX. LAB. CODE §§ 21.051, 21.055, 21.125.

## IV. JURISDICTION AND VENUE

8. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

9. This Court also has supplemental jurisdiction over the Texas state law claim under 28 U.S.C. § 1367.

10. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1) and (b)(2) because RV Retailer has a principal place of business in the Galveston Division of the

Southern District of Texas and/or a substantial part of the events or omissions giving rise to Garrison's claims occurred in the Southern District of Texas. *See* 28 U.S.C. § 124(b)(1).

## V. FACTUAL BACKGROUND

11. For several years, Garrison has had medical conditions, including pancreatitis, a chronic illness that causes severe abdominal pains and other difficulties. These symptoms may substantially limited major life activities such as standing and walking. However, he takes medication to alleviate problems associated with his medical conditions. But he may occasionally have attacks that cause severe symptoms and that may require him to go to the hospital.

12. RV Retailer is a large nationwide dealer of recreational vehicles, with nearly 100 stores around the country. It has over 1,000 employees and billions of dollars in annual revenue.

13. Garrison started working for RV Retailer on about March 1, 2021 in sales and finance at the company's Alvin, Texas location. His primary job was to sell RVs to customers and provide financing to them.

14. Garrison was qualified for the job he held with RV Retailer.

15. Garrison was able to perform the essential duties for his position at all relevant times.

16. Throughout his employment, Garrison performed his job well, including in comparison to other employees in a similar position.

17. Garrison's manager was Justin Massey.

18. Garrison reported directly to Massey.

19. Massey was, and still is, in charge of RV Retailer's Alvin, Texas location.

20. Given the nature of Garrison's job in sales, his busiest days were usually on the weekends and holidays, providing for a large percentage of his income which was based on commissions.

21. On Friday, August 20, 2021, while at work, Garrison had a medical incident and had to go to the hospital.  It turned out that he had low sodium, which is associated with pancreatitis.  Garrison was treated and released from the hospital the next day, and was ready and intending to go back to work on Sunday, August 22, 2021.

22. But while he was at the hospital that Saturday, Massey called Garrison (on August 21, 2021) and told Garrison that he can't have him falling and that he wants to "part ways."

23. In that same call, Massey said Garrison was having "issues" and wanted him to go to "rehab." That did not make any sense because there is no "rehab" for low sodium, and pancreatitis is a chronic illness that cannot be treated with "rehab."  Massey continued with his discriminatory comments, arbitrarily stating that Garrison was supposedly "acting like this" "for years," and referenced the fact that Garrison was taking medications for his "gut."

24. Because of these offensive and inappropriate comments, Garrison asked Massey if he should still come into work that Sunday, August 22, 2021.  Massey said "hell no" and that they would talk on Monday (August 23, 2021).

25. On that Sunday August 22, 2021, Garrison sent Massey a text message to confirm that he would come in on Monday, but Massey told him not to.  Therefore, Garrison and Massey did not talk on that Monday, August 23, 2021.

26. Because there were still no instructions from Massey about when Garrison could get back to work or what was needed, Garrison decided to get a release from his doctor.

27. Garrison did in fact obtain a release on August 24, 2021, confirming he could return to work on August 25, 2021.  Garrison sent this release to Massey, but Massey ignored it.  Garrison also contacted human resources on August 26, 2021.

28. On Monday, August 30, 2021, Massey called Garrison into his office and falsely accused him of not performing well.  During this meeting, human resources representative Sarah York was

on the phone. Massey's allegations about Garrison were lies. Garrison's performance had always been satisfactory, and he had never previously been told that he was not performing well. In fact, there were other sales employees that had lower sales than Garrison. But they had not been disciplined or threatened.

29. Furthermore, considering Garrison had not worked from when he had the medical incident on August 20, 2021 until he returned on August 30, 2021, nothing could have occurred in those 10-11 days that would have suddenly resulted in poor performance. Instead, the only basis for Massey's false accusations could be Garrison's medical condition.

30. On Saturday, September 4, 2021, when Garrison went into work, Massey tried to give him a memorandum that would have required Garrison to hit sales numbers beyond the company's highest pay plan. Also, other employees' sales were such that they do not hit the numbers Massey was requiring for Garrison. Indeed, other sales employees were not written-up, punished, or fired by Massey for low sales numbers.

31. Instead, it appears Massey was targeting Garrison because of his disability, or perceived disability.

32. Garrison refused to sign the memorandum, so Massey forced Garrison to go home that day and also not work the following day.

33. Massey also refused to give Garrison a copy of the memorandum.

34. Therefore, Garrison missed the ability to work most of that September 2021 Labor Day weekend, which is one of the busiest times of the year and could have resulted in substantial commissions to Garrison. This discriminatory act by RV Retailer caused Garrison financial harm.

35. Garrison reported Massey's inappropriate and discriminatory actions/comments to Human Resources (to Sarah York) via text and email.

36. But Human Resources did not investigate or interview Massey about Garrison's complaint.

37. Furthermore, Massey would give at least three other sales employees (who do not have any chronic illnesses or had any medical incidents at work) really good sales leads. Massey would not give Garrison as good sales leads. These discriminatory acts by RV Retailer caused Garrison financial harm.

38. Garrison was hospitalized during the week of September 20, 2021, and released on Saturday, September 25, 2021. Garrison had previously planned to close a deal on Sunday, September 26, 2021 for a customer with whom he had been working. That same day he was released, Garrison sent his doctor's release (which cleared him to work on September 26, 2021) to Human Resources (Sarah York) and Massey. But Massey sent Garrison a text message indicating that somebody else had already closed the deal with that customer. There was no valid reason for Massey to take that sale away from Garrison, and it caused Garrison to lose out on commissions he had worked for. This discriminatory act by RV Retailer caused financial harm to Garrison.

39. Based on these ongoing discriminatory acts, Garrison filed a charge of discrimination with the EEOC and TWC on September 28, 2021.

40. A copy of this charge of discrimination, along with a litigation-hold notice, was sent to RV Retailer via email on September 29, 2021. Specifically, it was sent to Taylore Elliott (VP, Chief Human Resources Officer), Sarah York (Region Human Resources Director), and Massey.

41. Despite RV Retailer's immediate knowledge of Garrison's EEOC charge of discrimination, it did not take appropriate steps to investigate Garrison's allegations.

42. Instead, it fired him two weeks later, on October 13, 2021.  This firing was in retaliation for Garrison's EEOC filing and/or engaging in any other ADA-protected activities, as referenced above.

43. Specifically, on October 13, 2021, Elliott met Garrison at his place of work and unilaterally terminated him.

44. Elliott stated that the reason for Garrison's termination was supposedly because he made inappropriate comments to a new employee ("D.R.").

45. But that is false.  Garrison never made any inappropriate comments to employee D.R.  Also, nobody at RV Retailer ever interviewed Garrison about the alleged comments or otherwise tried to obtain any information from Garrison before deciding to terminate him.

46. Accordingly, Garrison filed a supplemental charge of discrimination and retaliation with the EEOC and TWC on October 19, 2021.

47. In response to Garrison's EEOC charge (and supplement), RV Retailer provided false information to the EEOC.  Notably, in expanding on its explanation about the alleged inappropriate comments to the employee, it provided more specific allegations indicating what Garrison allegedly said to this employee.

48. However, employee D.R., to whom the alleged comments were allegedly directed, was never interviewed by RV Retailer prior to making the decision to terminate Garrison.  In fact, she never even heard Garrison make any alleged inappropriate comments to her.

49. Furthermore, shortly before D.R. was hired, Massey stated to D.R. that he had an employee who had medical issues (referring to Garrison), indicating he wanted to terminate him.  This is direct evidence of discriminatory intent coming from Massey.

50. RV Retailer has no policy or practice of preventing inappropriate comments in the workplace.

51. In fact, as articulated by a former employee ("A.T.") who worked for about two years in a similar position as Garrison and also reported to Massey, the work environment was very profane. *Ex. #1*. Massey himself, as well as his subordinates and coworkers, would regularly use foul langue in the workplace. *Id*. Massey would often yell at his employees and use profanity towards them. Furthermore, Massey would share pornographic photographs with his subordinates and co-workers. Massey would also often send text messages to his subordinates and co-workers containing profanity.

52. Massey never told anybody to avoid using bad language in the workplace. In fact, RV Retailer and Massey encouraged the use of profanity and sharing of pornography in the workplace.

53. Former employee A.T., who admits to using profanity in the workplace and sharing pornography with co-workers, was never disciplined, written-up, or terminated for such behavior. Other sales employees were also not disciplined, written-up, or terminated for such behavior. These employees did not have disabilities that were known to Massey or RV Retailer. These employees also did not report disability discriminatory behavior about Massey to Human Resources.

54. Instead, Garrison, who has a disability as defined under the ADA and Texas Labor Code, as well as engaged in a protected activity, was the only sales employee terminated for allegedly using inappropriate language in the workplace. To be sure, Garrison denies making any inappropriate comments to the employee as accused; however, even if he arguably did, he should not have been disciplined or terminated.

55. Human Resources failed to conduct an objective, non-retaliatory, or non-discriminatory investigation before deciding to terminate Garrison.

56. RV Retailer is obligated to maintain a workplace free of unlawful discrimination and/or retaliation.

57. RV Retailer is obligated to treat similarly situated employees equally.

58. RV Retailer does not have appropriate policies and practices in place to prevent disability discrimination or retaliation.

59. RV Retailer has not properly trained Massey to prevent unlawful discrimination or retaliation in the workplace.

60. RV Retailer has never investigated Massey's treatment of his employees.

61. RV Retailer has never disciplined Massey.

62. RV Retailer continues to allow Massey to work in a position of authority, with the ability to harm other employees.

63. RV Retailer did not act in good faith.

64. RV Retailer's unlawful actions were willful and/or committed with reckless disregard of the law.

65. RV Retailer's actions were committed with malice.

66. RV Retailer's unlawful actions caused Garrison to suffer loss of earning capacity, lost back pay, loss of benefits, and other damages.

## VI. PROCEDURAL REQUISITES

67. On or about September 28, 2021 and again on October 19, 2021, Garrison filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC"). The EEOC issued a right-to-sue notice on or about June 7, 2022. This lawsuit is being filed within 90 days of receipt of the EEOC right-to-sue notice. This is lawsuit is also being filed after 180 days of filing of the charges with the TWC, but before two years.

## VII. CAUSES OF ACTION

68. Garrison hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein and asserts the following causes of action under the ADA and Chapter 21 of the Texas Labor Code.

### A. Disability discrimination

69. RV Retailer discriminated against Garrison based on his disability, or perceived disability, when it took actions to prevent him from earning commissions in the course and scope of his employment. *See* 42 U.S.C. § 12101, *et. seq.*; TEX. LAB. CODE § 21.051, 21.125.

70. RV Retailer discriminated against Garrison based on his disability, or perceived disability, when it decided to terminate his employment. *See* 42 U.S.C. § 12101, *et. seq.*; TEX. LAB. CODE § 21.051, 21.125.

### B. Disability retaliation

71. RV Retailer retaliated against Garrison for exercising his rights under the ADA and Chapter 21 of the Texas Labor Code. Specifically, RV Retailer retaliated against Garrison for complaining about the way he was being treated on account of his disability or perceived disability. *See* 42 U.S.C. § 12101, *et. seq.*; 42 U.S.C. § 12203; TEX. LAB. CODE § 21.055, 21.125. This retaliation includes taking away Garrison's ability to earn commissions during his employment and also terminating him.

## VIII. JURY DEMAND

72. Garrison demands a trial by jury.

## IX. DAMAGES

73. As a result of the above mentioned actions, Garrison seeks the following damages:

    a. Back pay;

    b. Loss of benefits;

    c. Loss of earning capacity;

    d. Reinstatement or, in the alternative, front pay;

    e. Loss of enjoyment of life;

    f. Loss of reputation;

    g. Loss of career opportunities;

    h. Inconvenience;

    i. Injunctive relief;

    j. Mental anguish and emotional distress;

    k. Compensatory damages;

    l. Punitive or exemplary damages;

    m. Reasonable and necessary attorneys' fees;

    n. Court costs;

    o. Prejudgment and post-judgment interest;

    p. Any and all other damages and/or relief, equitable or otherwise, to which Garrison may be entitled under federal law.

## X. PRAYER

Wherefore, premises considered, Garrison respectfully prays that RV Retailer be cited to appear and answer herein and that upon a final hearing of this action, judgment be entered for Garrison against RV Retailer for damages in an amount within the jurisdictional limits of this Court, which shall include all above mentioned damages and any other relief, at law or in equity, to which Garrison may be entitled.

Respectfully submitted,

SUD LAW P.C.

*/s/ Nitin Sud*
Nitin Sud
State Bar No. 24051399
Federal ID No. 611307
6750 West Loop South
Suite 920
Bellaire, Texas 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

*Attorney for Plaintiff*

DocuSign Envelope ID: E36142BD-082C-4CC9-9689-A68B2F32A074
Case 3:22-cv-00203 Document 1   Filed on 06/15/22 in TXSD   Page 13 of 13

Ex. #1 to Original Complaint

## DECLARATION OF ADAM TERRELL

1. My name is Adam Terrell. I am over the age of eighteen. I am fully competent to make this declaration. The facts contained in this declaration are true and correct and based on my personal knowledge.

2. I worked for ExploreUSA RV / RV Retailer at the Alvin, Texas location from about 2018 to 2020. I worked in sales and finance, where my job was to sell RVs to customers and help arrange for financing. My boss was Justin Massey, who is the general manager there.

3. When I worked at ExploreUSA RV, the language in the work environment was very profane. Mr. Massey, as well as myself and my co-workers, would regularly use foul language in the workplace. Mr. Massey was also a bully and would get very angry, and yell at me and my co-workers using profanity. Mr. Massey would also share pornographic pictures with me and my co-workers. We all would.

4. Mr. Massey often sent text messages that included profane language. These would be to me and my co-workers.

5. We were not prevented from using profane language or sharing pornographic pictures in the workplace. Everybody I worked with – especially Mr. Massey – engaged in the same behavior. Mr. Massey never told anybody to avoid using bad language, and he even encouraged it. Neither I nor any of my co-workers were disciplined, written-up, or terminated for using bad language or sharing pornographic pictures.

6. Sometimes if Mr. Massey helped me with a sale, he would require me to buy him a bottle of Crown Royal.

7. I voluntarily quit my job at ExploreUSA RV in 2020.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on  2/18/2022 .

Adam Terrell